THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE

CRIMINAL CASES ASSIGNED TO
JUDGE VICTORIA M. CALVERT

**STANDING ORDER:
GUIDELINES TO PARTIES AND
COUNSEL IN CRIMINAL CASES PROCEEDING BEFORE
THE HONORABLE VICTORIA M. CALVERT**

This case has been assigned to Judge Victoria M. Calvert. These guidelines

are provided to inform the parties of the Court's policies and procedures in

criminal cases. This order, in combination with the Local Rules of this Court and

the Federal Rules of Criminal Procedure, shall govern this case.

**Table of Contents**

I.    CASE ADMINISTRATION ...................................................................................... 3

    a.    Contacting Chambers ................................................................................ 3

    b.    Attorneys ..................................................................................................... 3

        i.    Admission of Counsel Pro Hac Vice ................................................ 3
        ii.    Electronic Registration for All Counsel ............................................ 4
        iii.    Leaves of Absence ............................................................................ 4
        iv.    Withdrawal or Substitution of Counsel ............................................ 4

II.    PROCEDURES AFTER CASE IS CERTIFIED READY FOR TRIAL ............................ 5

    a.    Scheduling .................................................................................................... 5

    b.    Continuances ............................................................................................... 5

    c.    Sealing and Redacting Documents ........................................................... 6

    d.    Change of Plea Hearings ............................................................................ 6

    e.    Sentencings .................................................................................................. 7

    f.    Courtroom Technology ............................................................................... 8

III.    TRIAL ................................................................................................................... 9

    a.    Pretrial Conference and Motions in Limine ............................................ 9

    b.    Voir Dire .................................................................................................... 10

    c.    Exhibits and Witness Lists ....................................................................... 12

    d.    Jury Charges .............................................................................................. 12

## I.    CASE ADMINISTRATION

### a.  <u>Contacting Chambers</u>

Velma Shanks, Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Where possible, communications with Ms. Shanks should be via email ([Velma_Shanks@gand.uscourts.gov](mailto:Velma_Shanks@gand.uscourts.gov)). Her telephone number is 404-215-1394. Please note that Ms. Shanks is often in the courtroom, so telephone messages may not be returned for 24 hours. Any mail, couriered, or hand-delivered communications should be addressed as follows:

> Velma Shanks
> Courtroom Deputy Clerk
> 2125 United States Courthouse
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303-3309

If necessary, counsel or parties may also contact Chambers by telephone (404-215-1390).

As a professional courtesy, counsel should contact Ms. Shanks or call Chambers if running late for a Court hearing.

### b.  <u>Attorneys</u>

#### i.    **Admission of Counsel Pro Hac Vice**

In the event that lead counsel had been admitted pro hac vice, local counsel is required to be familiar with the case, and may be called upon to attend hearings

or participate in conferences on behalf of the lead counsel. Local counsel will not be allowed to withdraw unless another local counsel has entered an appearance.

### ii.    Electronic Registration for All Counsel

All counsel — including counsel admitted pro hac vice — must register and participate in the Court's electronic filing system, CM/ECF. (*See* this Court's Standing Order No. 04-01).

### iii.    Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence. Leave requests shall comply with Civil Local Rule 83.1, NDGa. All requests for, or notices of leaves of absence, must be electronically filed. Counsel should not mail or hand-deliver paper copies to chambers.

### iv.    Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of its status. Counsel should comply with Civil Local Rule 83.1, NDGa., when substituting or withdrawing as counsel. Specifically, counsel should not file a motion when a notice of withdrawal would suffice. *See* Civil LR 83.1(E)(4), NDGa. Counsel who do not comply with Civil Local Rule 83.1 will not be allowed to withdraw from the case until compliance is achieved. It is also possible that

counsel will not be allowed to withdraw depending on the status of the case and the particular reason for withdrawal.

## II.    PROCEDURES AFTER CASE IS CERTIFIED READY FOR TRIAL

### a.  Scheduling

After all defendants are certified ready for trial, the Court will schedule a trial to occur within the time frame allotted by the Speedy Trial Act. *See* 18 U.S.C. § 3161. The Court will schedule the trial irrespective of any leaves of absences in order to comply with the Speedy Trial Act. If the parties anticipate the case being resolved with a plea hearing but need additional time, they are encouraged to inform Ms. Shanks as soon as possible and the Court will enter an order to delay the trial being scheduled. Alternatively, if the parties expect to go to trial but need more time to prepare than the Speedy Trial Act allows, they are encouraged to reach out to Ms. Shanks about specially setting the trial.

### b.  Continuances

If a trial has been scheduled, the party requesting a continuance should file a motion at least one week prior to trial (absent unforeseen circumstances). That motion should indicate whether the motion is joint, unopposed or with consent, or opposed. The motion should also state the length of the requested continuance. A proposed order should be filed along with the motion via CM/ECF. The motion and proposed order should address the factors related to exclusion of time under

the Speedy Trial Act. *See* 18 U.S.C. § 3161.

Absent unforeseen circumstances, requests for a continuance of a plea or sentencing hearing should be made at least one week in advance. Requests that are joint, unopposed, or with consent can be made via email to Ms. Shanks rather than by formal motion.

### c.  Sealing and Redacting Documents

The parties are reminded of their obligation to omit or redact sensitive information, such as full names of minor individuals, dates of birth, financial account numbers, and home addresses. (*See* this Court's Standing Order No. 04-02).

A motion to seal must be filed (or orally made) to seal a document. If only a portion of the document discusses sensitive information, the party must also file a redacted version of the document as a separate filing contemporaneously with the motion to seal. The parties are also reminded of their obligation to request that transcripts be sealed when sensitive information is discussed in open court.

### d.  Change of Plea Hearings

Plea agreements must be emailed to Ms. Shanks at least three business days prior to the change of plea hearing. If the parties are requesting that the Court arraign the defendant on an information, the information should also be emailed to Ms. Shanks.

6

The Court does not have a policy against binding plea agreements. However, the Court may need to obtain additional information from counsel or review the presentence report before accepting a binding plea agreement.

If a defendant is pleading guilty to an offense that typically requires mandatory bond revocation at the time of the plea, counsel for the Government should alert defense counsel to this issue prior to the plea hearing. If there is a dispute about this, the parties are directed to alert Ms. Shanks at least one day before the plea hearing and should be prepared to address this issue at the change of plea hearing.

**e.  <u>Sentencings</u>**

To avoid a delay in sentencing, all objections to the Presentence Investigation Report (PSR) must be sent to the probation officer in advance of sentencing. *See* Fed. R. Crim. Pro. 32(f)(1).

The Court does not require sentencing memoranda, but strongly encourages them when there are novel or technical legal arguments, or requests for a variance. Sentencing memoranda should be filed at least three business days prior to the sentencing hearing. Any responses should be filed at least one business day prior to the sentencing hearing. Notwithstanding these deadlines, an extremely lengthy sentencing memorandum (or voluminous exhibits) may lead to a continuance of the sentencing hearing.

Counsel are expected to be familiar with the Standard Conditions of Supervision adopted by the Court as the Court will not read them individually at the sentencing hearing. *See* https://www.gand.uscourts.gov/prisoner-forms. The Court will read any special conditions of supervision it imposes at the sentencing hearing. Any objections to the standard or special conditions should be raised at the sentencing hearing.

### f.  Extensions of Voluntary Surrender Date

Any motions seeking an extension of the voluntary surrender date should be made at least one week prior to the voluntary surrender date and note the Government's position on the motion. A proposed order should also be included.

### g.  Courtroom Technology

The courtroom has various electronic equipment for use by counsel at a hearing or trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact Ms. Shanks. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring electronic equipment into the courthouse, such as a laptop computer or cellphone with a camera, must file a

proposed order in the case allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. This should be done not less than three business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

## III.    TRIAL

### a.  Pretrial Conference and Motions in Limine

The Court will normally conduct a final pretrial conference two weeks prior to trial to discuss voir dire, motions *in limine*, and any other concerns the parties have. However, if needed, the parties can request an earlier conference with the Court to resolve discrete issues that are impacting counsel's preparation for trial. The defendant is required to appear at the pretrial conference unless a written and signed waiver is filed on the docket three days prior to the pretrial conference. In certain circumstances, the Court may require the defendant's appearance even if a waiver is filed.

Unless otherwise directed, motions *in limine* shall be filed at least 14 days before the pretrial conference. Briefs in opposition to motions *in limine* should be filed at least one week before the pretrial conference. The motions *in limine* and

responses shall take the form of a consolidated pleading no longer than 25 pages in length.

Pursuant to Rule 404(b), the Government must provide written notice of any evidence of other crimes, wrongs, or acts that it intends to offer at trial and to articulate the permitted purpose for which it it intends to offer the evidence and the reasoning that supports the purpose. The Government should provide Rule 404(b) evidence to the defense as soon as practicable after the Government determines it will use this evidence, subject to the following deadlines: if the Rule 404(b) evidence pertains to acts or conduct that allegedly occured within the Northern District of Georgia, notice shall be provided no later than 14 days before trial. If the alleged acts occurred outside the Northern District of Georgia, notice shall be provided no later than 21 days before trial. In the event that the Government provides notice to the defense on the deadline to file motions *in limine*, the defense should file its opposition no later than seven days after receiving notice. The Government's notice and defense's response in opposition should be no longer than 15 pages.

### b.  <u>Voir Dire</u>

The parties must file their proposed voir dire questions at least seven (7) days before the pretrial conference for approval by the Court. If appropriate, the Government should also file a summary of the indictment that will be read to the

10

panel during voir dire. Parties should be prepared to discuss any objections to opposing counsel's voir dire questions or the Government's summary of the indictment at the pretrial conference. As explained below, counsel can participate in voir dire; therefore there is no need to file a motion to participate in voir dire.

At trial, the Court will ask the panel certain qualifying questions and then the prospective jurors will individually answer the general background questions. (*See* https://www.gand.uscourts.gov/DJdir/VMC). The Court will then permit the attorneys to ask the voir dire questions it has approved. After all of the prospective jurors have been questioned, the Court will hear any strikes for cause and then let the parties know which jurors remain for peremptory challenges. The parties will then be given a 15-minute break to review their notes. After the break Ms. Shanks will pass a piece of paper between the parties until both sides have exercised their peremptory challenges. *See* Fed. R. Crim. Pro. 24. The Court will then hear motions or challenges to the jury selected before Ms. Shanks seats and swears in the selected jurors.

Twelve jurors will be selected, along with two alternate jurors who will not deliberate unless replacing a juror. If the parties believe additional alternate jurors should be selected, they must make a request before jury selection begins.

c.  **Exhibits and Witness Lists**

The parties shall separately number each of their exhibits as to which a separate foundation must be laid. Exhibits should be numbered sequentially (e.g., P-1, P-2, etc.); do not use, e.g., P-1a, P-1b, etc. for a group of exhibits. Exhibits must be examined and marked before trial in compliance with Civil Local Rule 16.4(B)(19)(b), (e), NDGa. On the first day of trial, Government counsel should deliver to Ms. Shanks a tabbed, indexed three-ringed binder with the marked trial exhibits for the Court's use during trial. Defense counsel should also provide its documents to Ms. Shanks no later than at the time the documents are moved into admission. Counsel should have copies of its exhibits for opposing counsel and any witnesses. The exhibits that are used with witnesses will be provided to the jury during deliberations.

The parties should also provide witness lists to the Court, Ms. Shanks, and the court reporter prior to their witnesses being called.

d.  **Jury Charges**

Proposed jury instructions must be filed and emailed to Ms. Shanks in Microsoft Word no later than the Friday before trial begins. Each instruction must be on a separate page and note if it is a pattern instruction. If it is not a pattern instruction, the party should include a citation to legal authority that supports the

12

instruction. Any requested differences from the Eleventh Circuit Pattern Jury Instructions must be clearly identified.

The Court will give the parties a draft of its proposed instructions at least one day before the charge conference. Counsel are expected to have reviewed the Court's draft before the charge conference.

The Court will charge the jury before closing arguments.

So Order this _____20th_____ day of March, 2026

_____
VICTORIA MARIE CALVERT
UNITED STATES DISTRICT COURT